Good morning, everyone. Welcome. Our first case this morning is Doe v. Nielsen, case number 1735-21. Mr. Kola. Good morning. Will you please the court, counsel? This case involves basically a short thing with regard to a person who won his day in court. Just a brief background. This involves an EB-5 investor, as the court is probably familiar at this point. EB-5 investor visa, basically you invest a certain dollar amount in the United States, you create a certain number of jobs, and you get in essence a green card into the United States. This case started in 2013, where an EB-5 investor visa was applied for. There was an RFE, a request for evidence, in August of 2013. Some modifications were made to that initial investment visa packet, and it was noted in the request for evidence, and noted in there, there was a very lengthy discussion in the request for evidence on what transpired. Eventually, with the modifications in hand, the USCIS approved the EB-5 applications. Once the application was approved, it was forwarded to Abu Dhabi, where the plaintiff in this case was going to pick up his, in essence, visa to come to the United States. This was in 2014. Eventually, in 2015, he went to pick up his visa. Eventually, once he arrived at Abu Dhabi at the counselor section for his visa, the Abu Dhabi counselor told him that he was transferring the file back to the United States in order to revoke the approved application. The application went back to USCIS, who then issued a notice of intent to revoke the application, the initial approval of the application. There was a very lengthy response to the notice of intent to revoke. In the notice of intent to revoke, the plaintiff's attorneys at the time went through in great detail explaining what transpired and why it shouldn't be revoked. The government then issued a notice of denial. The first denial that was issued contained materially factually incorrect information, and in fact, it referred to other cases that were not relevant to this particular plaintiff in this case. Counsel for the plaintiff at the time responded to the government, sending them an email basically saying, what are you talking about? This is a different case that you're referring to. The government then again said, okay, scrap that letter we sent you. We will send you another one. They sent them another one, in essence, saying that we are still revoking your application. That then triggered to this lawsuit that we're currently in before this court. The issue before this court and before the lower court was, does this court or does the lower court have jurisdiction to even hear this case? That's the crux of this whole dispute right here. The plaintiff is not saying that you have the right or the lower courts have the right to hear discretionary denials by immigration. The case law is quite clear on that. There are no review of discretionary denials of immigration decisions. But there is an exception, and that exception is if the USCS doesn't follow the procedures in making that decision. In this particular case, we have another- Actually, the exception is for review of procedural rulings, and you're not asking for review of any procedural ruling. No, but what we're asking for is when we're given the opportunity to respond to the request, the notice of an act to revoke and the actual denial, there must be a fair adjudication of that. That would sweep in everything. That would be an exception that would swallow the jurisdictional rule. The exception that our case law speaks of is that jurisdiction is stripped for substantive rulings, but that leaves room for judicial review of procedural rulings like a denial of a motion for reconsideration. We don't have that here. But what we do have here is this. The court is correct. There is no review of what transpires in the discretionary grounds. And the courts have held that if the procedure is followed, there is no review with regard to that. But what if the procedure is technically filed, but the substance behind the procedure is irrelevant? What if immigration just says, we'll decide this on a coin toss or so forth? In this particular case, while immigration did follow their procedural rules, they issued a notice of intent to revoke. They put a stamp on the envelope. They mailed the envelope. They gave the plaintiff time to respond to the notice of intent to revoke. They followed the rules. We're not saying they didn't follow the procedural rules. But then when you look at their decisions, the two decisions they issued, one that was faulty in and of itself and they admit was faulty, and then the subsequent decision, you can clearly tell they're not actually following, in essence, what the spirit of the law is. So we are saying there's a denial of fundamental procedural rights in this case. And that gives this court jurisdiction to review this case. Because of the substance of the opinion. Because of the substance of the opinion, but we're not saying... The substance of the opinion reveals a mistake that you want to challenge as a substantive matter. It's not a procedural question. You just conceded that the agency followed its own procedures. We've always conceded they followed the procedure. But they have not followed what is required in the procedure in the sense of actually looking at this. If you look at the notice of intent to revoke, if you look at the revocations, it's a cut and paste job. They're referring to the wrong locations of the entity. They're saying that at one point it's Waukegan. When it's clear it never even has anything to do with Waukegan. Yeah, that's clearly an anomaly. But that's a question of the substantive ruling. But we would say it's not the substantive ruling. It goes to the fact that they didn't even properly consider this case. It's reflected in the fact that there was lengthy discussions. There was lengthy proof presented to USCIS. And these blatantly, even in reference, they threw it all to one side. Their decision to deny this was made at a certain point. And they were just going to follow the procedural rules to carry that out. And then at the very end, they made their decision, which we assume was made months or way before we even get to the final decision. They referred to the wrong location. They say that certain reports were not generated when, in fact, they were generated. How would you state the rule that you're asking for here in positive terms? Yeah, in positive terms, that it's not a matter of just following the procedural rules. There must be an effort to, at least on its face, in a decision that the USCIS issued a properly issued decision based on what they're looking at. So if the agency is sloppy as a substantive matter, that constitutes a procedural violation that permits judicial review? No, Jana. There must be more to that. And that's why we're asking to bring this. I mean, that's basically what we have. That's, in a nutshell, what you're arguing. But Jana, let's assume, for instance, the agency says, we're denying your EB-5 visa. Thank you very much. Have a good day. What if the agency says, we're denying your EB-5 visa because we think it falls on a Tuesday and we don't like Tuesdays? Then this court would, in essence, give the agency carte blanche to do whatever they want. They don't even have to review these materials. They can say, we are granting it for X person. We're not going to grant it for Y person. So your view is that the documents make out a prima facie case that the agency never examined the document? Correct. How could they justify what they did? How does any of this make any difference, given the fact that nothing was built within the time frame? Jana, one of the quirks of the EB-5 visas is there's no actual, believe it or not, requirement that something be built on a certain time frame. It just has to show that you're investing your money, that money is at risk, and that the project will work towards creating the jobs. In fact, if the project is never completed, as long as you can show that the jobs are being created, then that's enough for EB-5. That's just the quirk in how the EB-5 program works. There are 24 people involved, right? Yes. Where are the other 23? I can't speak to the other 23 where their process is with regard to that. I don't get to speak to this one plaintiff that I represent. But again, the issue in this case is, we're just asking for a day in court. If the government, USCIS says, listen, we have our justifiable reasons or whatever, and so be it. But you just can't, it's hard to swallow this pill where you're referring to a different location, and you're referring to stuff, the information that's clearly in the record, and you're saying it's not in the record, then it's hard to swallow that. It's hard to accept the fact that that's a valid decision. By agreeing to this, by stripping the jurisdiction, you're saying to USCIS, do whatever you want. We can't review it. So what is stopping them from just giving arbitrary decisions? Nothing, in essence. As long as they put a stamp on an envelope and mail it out, then they're covered. And I don't think that's the rule that we should adopt. I think the rule that we should adopt is, where you have such a document as this one in this particular case,  And the plaintiff has the right to go to court. USCIS has the right to court. And they can litigate it all they want and make a decision with regard to it. We're not asking that this court or any court review every case that USCIS denies. We're asking when you have a facially defective one as this case, you should have the ability to bring that to court and litigate that in front of the court, Your Honor. Otherwise, you are giving them the right and power to do whatever they wish on these cases. Well, everybody had to put in a half a million dollars apparently, right? Correct. And so it's $12 million. That's why I'm kind of confused about how you're here and you're not sure what everybody else is doing. I assume they all have the same impact. Again, I can't speak to the plaintiffs in this case. I'm just representing this one individual who's denied based on this. He's currently out of the country. He's been always out of the country. So he's been denied the access to obtain what USCIS approved. They're saying that in their verification that certain things are materially false. And that's not us saying our opinion is that they're false. The fact their own papers, if you take their own submissions, their own documents and look at it on its face, it's materially false. They just can't get around that. You don't need me to argue that. You don't need anybody else to argue. Just put the papers together, sit them down. Okay, that's wrong. And there's no way or no escape around that. We're just asking for our day in court to present this case and let the judge decide what is to happen. We're not asking to change anything. We're just asking that there must be some ramifications to USCIS issuing a decision. They just simply can't put a stamp on an envelope and say, okay, we're covered. That would be a farce. There's no further questions. Thank you. Thank you. Mr. Girdhary. May it please the court. Good morning, your honors. Glenn Girdhary, Department of Justice for the United States government. One thing I want to clarify for the court, and it's an important clarification here. Mr. Dole's counsel is referring to a denial of an immigrant visa petition versus a revocation of a visa petition. I think we're all in agreement here that we're talking that this case involves a revocation. But the distinction is very important here because what Appellant's counsel is asking for, the rule change, I want to call it, it already exists. It exists for a review of a denial under the Administrative Procedure Act. But that's not what we have before here, before this court. What we have is the revocation of an immigrant visa. And Congress has made clear that revocation of visa petitions under section 1155, excuse me, 8 U.S.C. 1155 are as unreviewable based on 8 U.S.C. 1252A2B2. And this court has reached that determination on four separate occasions. And that case law establishes that this case also should, this court should not dive into the subject matter jurisdiction or the merits, excuse me, of the case. And that's what Plaintiff's counsel is asking this court to do. And importantly, as the court's identified, there is no procedural violation in this case that falls into the very narrow exception established by the Musonuro case that this court has decided already. It's just such an awful patent-based job by the agency, though. I mean, it has to be a point. Which, you know, you just pick up the papers and say, they didn't do their job there. They just stamped this thing and sent it on its way. And, gee, when you read the papers here, you're like, it comes awful close. Well, you're on the face of the papers. There were some errors in the agency's decision. And the agency did its best to correct its decision by issuing the second revocation decision. And that is the actual operative revocation decision here. There still was one or two errors in that amended revocation decision. But as this court's found, this court's found before that regardless of the underlying merits of a revocation decision, there is no jurisdiction to review discretionary determination made under Section 1155. And that's what we have here. It comes down to that. This is a revocation versus a denial. And after the agency did or initially approved the case, it exercised its authority that Congress entitled it to. I asked opposing counsel whether any of this made any difference, given the fact that there was a change in site of this project. Nothing built at the new site, really, within what I understood to be the time frame. Does any of this count, or is the fact that they changed the site and there's nothing in the new time frame? Is there anything left to this case? Well, Your Honor, the statute, to be clear, requires that the project create the requisite number of jobs in a reasonable amount of time. So that what constitutes a reasonable amount of time, I mean, obviously, if this started in 2013, if nothing's been built to today, that would have an effect. The merits of this revocation decision do indicate that there's a contradiction in the evidence presented that the agency initially approved and based on its review the second time around. And whether or not the project exists today, I can't really say whether or not it is in existence or not. I know that the agency did revoke this petition after determining that there was, at the time of filing, there was inconsistent information presented to the agency. Where's the $12 million? That's a good question, Your Honor. I don't have an answer to that. Where does it go? Who has control of that money while all this is going on? Well, it depends on the project and, I guess, on the paradigm that the foreign investor uses to commence the EB-5 petition. I would think that if the project doesn't, it's not viable, that the investors would get their money back. Again, you're assuming that. That's right. That's sort of my question. And again, I don't have that specific information for this case, but that would be a reasonable inference. Hmm. Are there no further questions from the panel? Seeing none. Hearing none. Well, Your Honor, for the reasons indicated in the government's briefing and articulated today, this court should affirm the lower court's decision to find that it lacks subject matter jurisdiction to review Mr. Doe's I-526 revocation decision. Thank you, Your Honor. Mr. Kola, you have a little time left. Just briefly. There is no contradiction or anything that would trigger this. When the EB-5 started, they had to give a business plan. When there was what's called a request for evidence, they supplemented that, and all that was changed was site A to site B. It's not even a material change. So there's nothing to trigger a contradiction, as the government said. Again, what we're just saying is, you cannot give USEIS the authority to say, without some justification, you can deny it, and there's no ramifications. On its face, taking their own documents, their own two decisions, and you put them up together and say, listen, it's clear. It's not a matter of doing a sloppy job. They clearly didn't do their job. You can't just give them carte blanche to do what they will. We will have the one-line decisions from this point forward. Denied, have a good day. That's it. As long as they mail everything out properly, then the court has no jurisdiction, and there's no review at all. I think that's how jurisdiction stripping provisions work. Right. But there must be a fairness behind it. The other party, the person who's making the adjudication, cannot just say, you're talking about Waukegan, and this involves Fox Lake. You're talking about material change, and there's no material change. There must be, at one point- Unless the regulations require the agency to issue a reasoned, robust determination, opining on every conceivable question, there's no procedural violation. We're not saying they should opine on every aspect of the case. What we're saying is, when you say there's something missing, and it's actually pointed out to you that it's right there, then you cannot just say, pretend like it doesn't exist. At least make a passing reference to it. How can we say this was a fair adjudication? How can we say that USCIS, you can't just play around with this thing? We just want to have a fair day in court, and that's it. They have to be held to a higher standard than just issuing decisions and putting a stamp on it. Thank you. All right. Thank you. Our thanks to both counsel. The case is taken under advisement.